UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:18-CV-00178 -JHM**

**SHEILA CLEAVER, et al.**                                                                                            **PLAINTIFFS**

**V.**

**TRANSAMERICA LIFE INSURANCE                                                                 DEFENDANT
COMPANY**

## Memorandum Opinion and Order

This matter is before the Court on Defendant Transamerica Life Insurance Company's Motion for Leave to File Motion for Summary Judgment Under Seal [DN 18] and its supplemental briefing [DN 21]. Fully briefed, this matter is ripe for decision.

### I. Background

Transamerica seeks to seal its motion for summary judgment and exhibits in their entirety. Transamerica gives the following reason to seal its motion for summary judgment:

> The motion and exhibits are replete with references to the medical records and health information of Paul Brewster [.] The personal identifiers have been redacted from the exhibits (and are not disclosed in the motion or supporting memorandum). Nonetheless, in order to maintain the confidential nature of Mr. Brewster's health history and medical records, Transamerica files this motion to ensure the continued confidentiality of that information unless and until the Court orders the motion and exhibits not be filed under seal.

[DN 18 at 1].

In response to Transamerica's motion, the Court entered an order explaining that while Transamerica moved to seal the documents under Federal Rule of Civil Procedure 26(c), the correct Federal Rule of Civil Procedure to consider its motion under is Rule 5.2(d). [DN 20 at 1 n.1]. The Court also gave Transamerica the opportunity to submit supplemental briefing to

explain why it met its burden in justifying sealing the records. [*Id.* at 3]. Then, Transamerica filed supplemental briefing. [DN 21].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 5.2(d) and Local Rule 5.6 allows the Court to order that a filing be made under seal. The Sixth Circuit "recognize[s]. . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). The party that seeks to seal the records bears the heavy burden of overcoming that presumption. *Id.* "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citation omitted). "Where a party can show a compelling reason for sealing, the party must then show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id.* at 637 (citation omitted). "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted). If a district court opts to seal court records, "it must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (citation omitted).

## III. DISCUSSION

Transamerica "filed the motion to protect the privacy of Mr. Brewster's medical records and information until plaintiffs had the opportunity to make any argument they wished as to whether the information contained in the motion for summary judgment should be kept under seal." [DN 21 at 2]. While the Court understands and appreciates Transamerica's caution in this

regard, it is Transamerica, as the party moving to seal, which must meet the heavy burden under Sixth Circuit precedent. *Shane Grp., Inc.*, 825 F.3d at 305.

"[M]edical information can be considered appropriate for sealing in some circumstances." *Bell v. Sam's E., Inc.*, No. 1:16-CV-315-SKL, 2018 WL 8512583, at *3 (E.D. Tenn. Jan. 12, 2018) (internal quotation marks omitted). However, "the public has a strong interest in viewing the evidence that courts base their decisions upon, even if that evidence could be deemed privileged or protected." *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (citing *Shane Grp., Inc.*, 825 F.3d at 305). Additionally, Brewster's privacy interest in his medical information is diminished because he is deceased. *Rotger v. Montefiore Med. Ctr.*, No. 1:15-CV-7783-GHW, 2018 WL 11214575, at *2 (S.D.N.Y. Mar. 30, 2018) ("The privacy interests usually at stake in the information contained in medical records are diminished because the subject of those records, Nelson Rotger, is deceased.").

Plaintiffs have put Brewster's medical condition at issue by suing Transamerica for not paying them Brewster's life insurance benefits. *See Mitchell v. Tennessee*, No. 3:17-CV-00973, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020) ("Mitchell placed his medical condition at issue by filing this action against the defendants for constitutional violations related to his medical needs."); *see also Rotger*, 2018 WL 11214575, at *2 ("In addition, by bringing claims for, *inter alia*, wrongful death, . . . Plaintiff has put Mr. Rotger's medical conditions at issue in this action."). Furthermore, Plaintiffs have not responded at all to the motion to seal. Since there has been no showing to justify sealing the motion for summary judgment, and considering that Transamerica has already redacted personal identifiers from the documents at issue, the Court will deny the motion to seal.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Transamerica's Motion for Leave to File Motion for Summary Judgment Under Seal is **DENIED**.  [DN 18].

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 26, 2021

cc:     Counsel of Record