**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:18-CV-00178 -JHM**

**SHEILA CLEAVER, et al.**                                                                                    **PLAINTIFFS**

**V.**

**TRANSAMERICA LIFE INSURANCE**                                                          **DEFENDANT**
**COMPANY**

**M**emorandum **O**pinion and **O**rder

This matter is before the Court on Defendant Transamerica Life Insurance Company's Motion for Summary Judgment. [DN 19]. The Plaintiffs did not file a response. Fully briefed, this matter is ripe for decision.

**I. B**ackground

Paul Brewster applied for his Transamerica life insurance policy on July 8, 2014. [DN 19-1 at 1]. Brewster answered "no" to certain questions concerning his health and medical history:

> Have you ever had, been told by a member of the medical profession that you have, or been diagnosed with or treated for hepatitis?
>
> Have you ever had, been told by a member of the medical profession that you have, or been diagnosed with or treated for diabetes or any disease or abnormality of the thyroid, adrenal, pituitary, or other glands ?
>
> If, other than what you have already disclosed, within the past five years have you been advised to have an X-ray, electrocardiogram, laboratory test or other diagnostic study?

[DN 19-2 at 1]. By signing the application, Brewster represented that his answers were "true, complete, and correctly recorded to his knowledge and belief." [*Id.* at 2].

Transamerica then issued a Brewster a life insurance policy. [DN 19-3]. Under the policy, Transamerica cannot contest the policy after it has been in effect for two years from the date of the policy's issuance. [*Id.* at 18].

Brewster died within the two-year contestability period. [DN 19-4]. When Plaintiffs Shelia Cleaver and Eva Sailing submitted a claim for the death benefit under the policy, Transamerica reviewed the claim. [DN 19-1 at 2]. During its review, Transamerica received medical records that showed that Brewster made misrepresentations on his life insurance application in response to the previously discussed questions. [*Id.* at 2–3]. The medical records revealed that Brewster had a history of hepatitis, that he had a history of diabetes, and that he had undergone laboratory testing. [*Id.* at 3].

Transamerica then had its underwriting department review Brewster's medical information to determine "whether Transamerica would have issued the policy at all or on the same terms on which it was issued if the questions on the application had been truthfully honored." [DN 19-1 at 4]. Transamerica determined that the "Policy would not have been issued . . . if the correct medical information had been disclosed on the application." [*Id.*]. Transamerica also determined that it would not have "permitted delivery of the Policy if the additional information had been known at the time of application." [*Id.*]. Later, Transamerica received additional medical records and the underwriting department determined that the additional medical information did not change its determination. [*Id.* at 5–6]. Then, Transamerica denied Plaintiffs' claim for death benefits under the policy. [*Id.* at 6].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party

satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

When, like here, the motion is unopposed, "the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citations omitted). Even so, the Court is not required to "conduct its own probing investigation of the record" when faced with an unopposed motion for summary judgment. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, 2000 WL 1800475, at *3 (6th Cir. 2000) (citation omitted).

### III. DISCUSSION

K.R.S. 304.14-110 governs representations made in an application for an insurance policy:

All statements and descriptions in any application for an insurance policy or annuity contract, by or on behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent; or

(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. This subsection shall not apply to applications taken for workers' compensation insurance coverage.

K.R.S. 304.14-110. The statute "reflects a public policy requiring 'those who apply for insurance [to] be honest and forthright in their representations.'" *Progressive N. Ins. Co. v. Corder*, 15 S.W.3d

381, 383 (Ky. 2000) (quoting *State Farm Mut. Auto. Ins. Co. v. Crouch*, 706 S.W.2d 203, 207 (Ky. Ct. App. 1986)).  The Kentucky Court of Appeals has "concluded that a fraudulent or material misrepresentation voids a policy *ab initio*." *Am. Gen. Life Ins. Co. v. Est. of Jude*, 825 F. App'x 261, 268 (6th Cir. 2020) (*citing Crouch*, 706 S.W.2d at 207).

Brewster misrepresented his medical history by failing to disclose that had a history of hepatitis, that he had a history of diabetes, and that he had undergone laboratory testing.  Brewster's misrepresentations were material because the "Policy would not have been issued . . . if the correct medical information had been disclosed on the application" and "Transamerica would not have permitted delivery of the Policy if the additional information had been known at the time of application." [DN 19-1 at 4]; *Am. Gen. Life Ins. Co.*, 825 F. App'x at 268 ("A misrepresentation is also material if 'there is sufficient evidence that the insurance company would not have issued the policy or would have issued a different policy if it had knowledge of [the insured's] actions and omissions under K.R.S. § 304.14-110(3).'").  Thus, the policy is void *ab initio* under K.R.S. § 304.14-110.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Transamerica's Motion for Summary Judgment is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 26, 2021

cc:     Counsel of Record